## Foley's Estate

*M. J. Hosack*, for exceptant.

*Harmar D. Denny, Jr., Leonard M. Boehm, H. Stanley Douglass* and *Clinton L. Weddell*, contra.

TRIMBLE, P. J., October 24, 1932.—The County of Allegheny claims a tax on the checking account in the Union Savings Bank to the credit of decedent's estate, upon which she, in her lifetime, received interest at the rate of two per cent. under a contract providing that "interest at the rate of two per cent. per annum will be credited quarterly on the daily balances of this account when same are not under $500, provided the average balance for the period equals that amount." After her death the accountants made a return to the board of tax revision under protest.

The county is entitled to recover a tax on "all articles of agreement and accounts bearing interest," under the Act of June 17, 1913, P. L. 507. The tax is payable annually at the rate of four mills on each dollar of the value thereof.

We are dealing here with a result obtained by one person who contracted with a bank for interest. The interest was paid to the decedent in her lifetime, and she did not make a return of the amount which she received. Relief cannot be had because the interest was not payable except upon condition, nor because such a tax has not been collected heretofore in this community, notwithstanding the right thereto since 1913. We cannot say that a checking account is not an account bearing interest when, in fact, it does and the interest has been paid.

The argument for exemption is that savings accounts and mortgages and bonds have a degree of permanence as investments not characteristic of a checking account which fluctuates, and the conclusion is drawn that the checking account bearing interest is not an investment because the balances are constantly changing and that the scope of the act does not include any investment which is not permanent. The interest paid on a savings account is always conditional, and as much so as a checking account. It may, and often does, vary more than some checking accounts which are credited with interest on daily balances. Changes in the yield of interest, whether more or less, conditional or unconditional, do not create, modify or extinguish the right to tax checking accounts. It is, nevertheless, an account bearing interest, and this brings it within the taxing power.

The title of the Act of 1913 is "To provide revenue for State and county purposes, and, in cities coextensive with counties, for city and county purposes; imposing taxes upon certain classes of personal property; providing for the assessment and collection of the same; providing for the duties and compensation of prothonotaries and recorders in connection therewith; and modifying existing legislation which provided for raising revenue for State purposes." The enumeration makes no distinction between permanent or transitory investments, or as to the amount of interest paid, and to presume that

there is a distinction inherent in the subject matter but not expressed in words is beyond the judicial power. No exemption from a tax on accounts bearing interest seems to have been in the legislative mind.

The tax, when properly calculated, will be allowed.

From William J. Aiken, Pittsburgh, Pa.